1  NOSSAMAN LLP
DREW R. HANSEN (SBN 218382)
2  dhansen@nossaman.com
J. RANDALL BOYER (SBN 290003)
3  rboyer@nossaman.com
18101 Von Karman Avenue, Suite 1800
4  Irvine, CA 92612
Telephone:  949.833.7800
5  Facsimile:   949.833.7878
6
Attorneys for Defendant
7  C.R. ENGLAND, INC.
8
9
10                UNITED STATES DISTRICT COURT
11              SOUTHERN DISTRICT OF CALIFORNIA
12
13  MARC HAGEST and WAYNE SUBER,    Case No:  '22CV1576 BEN MDD
on behalf of the general public as private
14  attorneys general,
15        Plaintiffs,                **DEFENDANT C.R. ENGLAND, INC.'S NOTICE OF REMOVAL**
16        vs.
17  C.R. ENGLAND, INC., a Utah
Corporation, and DOES 1-50, inclusive,
18
19        Defendants.
20
21
22
23
24
25
26
27
28

NOTICE OF REMOVAL OF PAGA ACTION

1    Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, and 1446, Defendant C.R.
2  England, Inc. ("Defendant" or "C.R. England") hereby timely removes Case No.
3  37-2022-00029465-CU-OE-CTL from the Superior Court of the State of California,
4  County of San Diego to the United States District Court for the Southern District of
5  California, for further proceedings, reserving any and all defenses.

6    This Court has original subject matter jurisdiction over the lawsuit brought
7  by Plaintiffs Marc Hagest and Wayne Suber ("Plaintiffs") against Defendant for
8  various reasons, including due to 28 U.S.C. § 1332(a) (i.e., traditional diversity
9  jurisdiction) because diversity of citizenship exists between the respective Plaintiffs
10  and Defendant. Indeed, Plaintiffs are California citizens while Defendant is a citizen
11  of Utah, and the amount in controversy exceeds $75,000 exclusive of interest and
12  costs.

13    As grounds for removal, Defendant respectfully states as follows:

14  **I.     STATEMENT OF THE CASE**

15    1.    On or about July 26, 2022, Plaintiffs Marc Hagest and Wayne Suber
16  filed a complaint in the Superior Court of the State of California, County of San
17  Diego, captioned "Marc Hagest and Wayne Suber on behalf of the general public
18  as private attorneys general v. C.R. England, Inc., a Utah Corporation; and DOES
19  1-50, inclusive" (the "Complaint"), which was assigned Case Number 37-2022-
20  00029465-CU-OE-CTL (the "State Court Action").

21    2.    On September 14, 2022, Plaintiffs served the Complaint in the State
22  Court Action on C.R. England.

23    3.    In the Complaint, Plaintiffs allege, among other things, that C.R.
24  England owes them and other supposedly aggrieved employees civil penalties under
25  the Private Attorneys General Act (California Labor Code § 2699) for purportedly
26  (i) failing to pay minimum wages; (ii) failing to provide meal periods and to pay
27  meal period premiums; (iii) failing to provide rest periods and to pay rest period
28  premiums; (iv) failing to timely pay all wages upon termination; (v) failing to

1   provide complete and accurate wage statements; (vi) failing to provide a rest day in

2   seven; and (vii) failing to reimburse for necessary business-related expenses.

3   (Compl. ¶¶ 1-2.)

4        4.      Plaintiffs further seek civil penalties under the Private Attorneys

5   General Act (Cal. Lab. Code § 2699) not only for themselves, but on behalf of an

6   undefined group of allegedly aggrieved employees. (Compl. ¶ 76.)

7        5.      Indeed, based on the claims alleged by Plaintiffs in the Complaint in

8   the State Court Action, Plaintiffs seek, on behalf of themselves and other

9   purportedly aggrieved employees, an assortment of civil penalties and fees, for

10  alleged violations of California Labor Code sections 201, 202, 203, 512, 551, 552,

11  558, 226, 226.3, 226.7, 1174, 1174.5, 1175, 1194, 1197, 1197.1, 1198, and 2802.

12  (*Id.* at ¶ 16, 60.)

13  **II.    ORIGINAL JURISDICTION**

14       6.      This Court has original subject matter jurisdiction over Plaintiffs'

15  lawsuit under 28 U.S.C. § 1332(a) because complete diversity of citizenship exists

16  between Plaintiffs and Defendant, i.e., Plaintiffs are California citizens while

17  Defendant is a citizen of Utah, and the amount in controversy exceeds $75,000

18  exclusive of interest and costs.

19       7.      Further, venue is proper in this judicial district pursuant to 28 U.S.C.

20  §§ 84(d), 1391, and 1446.

21       8.      The United States Supreme Court has clarified that courts must apply

22  the same liberal rules to removal allegations as to other matters of pleading:

23          [A] defendant seeking to remove a case to a federal court
24          must file in the federal forum a notice of removal
            "containing a short and plain statement of the grounds for
25          removal."   By design, 28 U.S.C. § 1446(a) tracks the
            general pleading requirement stated in Rule 8(a) of the
26          Federal Rules of Civil Procedure.   The legislative history
27          of 28 U.S.C. § 1446(a) is corroborative.   Congress, by
            borrowing the familiar "short and plain statement"
28          standard from Rule 8(a), intended to "simplify the

NOTICE OF REMOVAL OF PAGA ACTION

> 'pleading' requirements for removal" and to clarify that courts should "apply the same liberal rules [to removal allegations] that are applied to other matters of pleading."

*Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (internal citations omitted).

### A.  The Diversity Of Citizenship Requirement Is Satisfied

9.   *Plaintiffs are both citizens of California*. A natural person's state citizenship is determined by his state of domicile. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is [his] permanent home, where []he resides with the intention to remain or to which []he intends to return." *Id*. at 857.  A defendant's allegation of citizenship in a notice of removal based on diversity jurisdiction may be based solely on information and belief.  *Ehrman v. Cox Comm., Inc.*, 932 F.3d 1223 (9th Cir. 2019) (citing *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

10.   Here, Plaintiffs allege they both "w[ere] at all times relevant to this action, [] resident[s] of, California." (Compl. at ¶¶ 17, 18.)  Further, Defendant is aware that Plaintiffs have maintained California driver's licenses since at least 2020 and 2021, respectively and have resided in Southern California during their employment. Accordingly, Plaintiffs are domiciled in California and thus are citizens of California.

11.   *Defendant is a citizen of Utah*.   Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." *See, e.g.*, *Hertz Corp. v. Friend*, 577 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters—provided

NOTICE OF REMOVAL OF PAGA ACTION

1 that the headquarters is the actual center of direction, control, and coordination").

2     12.    Here, Defendant was at the time of the commencement of the State

3 Court Action, and continues to this day to be, a Utah corporation with its principal

4 place of business in Salt Lake City, Utah. Consequently, Defendant is a citizen of

5 Utah.

6     13.    *The citizenship of the alleged "Doe" defendants and supposed other*

7 *aggrieved employees is irrelevant under 28 U.S.C. § 1332(a)*. Defendant is the only

8 non-"Doe" defendant in this action.  (*See* Compl. ¶¶ 8-10.)  Plaintiffs' naming of

9 unidentified "Doe" defendants is irrelevant to removability. *See* 28 U.S.C.

10 § 1441(b) ("In determining whether a civil action is removable on the basis of the

11 jurisdiction under section 1332(a) of this title, the citizenship of defendants sued

12 under fictitious names shall be disregarded."); *Kruso v. Int'l Tel. & Telegraph*

13 *Corp*., 872 F.2d 1416, 1424 (9th Cir. 1989) (the naming of Doe defendants cannot

14 defeat diversity jurisdiction).

15     14.    Because Plaintiffs are citizens of California and Defendant is a citizen

16 of Utah, the diversity requirement of 28 U.S.C. § 1332(a) is satisfied.

17     **B.**    **The Amount In Controversy Exceeds $75,000**

18     15.    Pursuant to 28 U.S.C. § 1332(a), the amount in controversy must

19 exceed $75,000, exclusive of interest and costs, in order for the Court to have

20 diversity jurisdiction over Plaintiffs' lawsuit.

21     16.    The amount in controversy requirement of 28 U.S.C. § 1332(a) is

22 satisfied here given the multitude of claims alleged, and civil penalties and

23 attorneys' fees sought by Plaintiff Hagest.  In an action asserting a claim under the

24 Private Attorneys General Act ("PAGA"), the Ninth Circuit has indicated that the

25 amount-in-controversy analysis focuses on traditional diversity jurisdiction over the

26 penalties attributable to the named plaintiff's individual claims. *Canela v. Costco*

27 *Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020). In other words, the PAGA

28 penalties attributable to the claims of alleged other aggrieved employees are not

1  aggregated with those attributable to the named plaintiff's individual claims in

2  assessing the amount in controversy. *Id.* Thus, only alleged damages attributable

3  to the named plaintiff's individual claims are placed in controversy and used for

4  purposes of analyzing the amount-in-controversy requirement. *See id.*

5       17.    With respect to the alleged penalties attributable to Plaintiffs'

6  individual claims, the Supreme Court clarified in 2014 that a notice of removal need

7  only include a plausible allegation that the amount in controversy exceeds the

8  jurisdictional threshold and need not include evidentiary submissions. *Dart*

9  *Cherokee*, 574 U.S. at 87 ("Congress, by borrowing the familiar 'short and plain

10  statement' standard from Rule 8(a), intended to 'simplify the "pleading"

11  requirements for removal' and to clarify that courts should 'apply the same liberal

12  rules [to removal allegations] that are applied to other matters of pleading.'"); *see*

13  *also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015)

14  ("[A] removing party must initially file a notice of removal that includes 'a plausible

15  allegation that the amount in controversy exceeds the jurisdictional threshold'")

16  (quoting *Dart Cherokee*). Thus, a defendant's amount in controversy allegation

17  should be accepted when not contested by a plaintiff or questioned by the court.

18  *Dart Cherokee*, 574 U.S. at 87. If a plaintiff does contest the allegation by filing a

19  motion for remand, both sides must then submit proof and the court will decide, by

20  a preponderance of the evidence, whether the amount in controversy requirement

21  has been satisfied. *Id.* at 88-89.

22       18.    Defendant denies that this action is appropriate for representative

23  treatment or that Defendant is liable for any of Plaintiffs' claims. Nevertheless,

24  Defendant has calculated the amount in controversy for purposes of this notice by

25  taking Plaintiffs' allegations in the Complaint at face value. These allegations

26  demonstrate that the amount put in controversy by Plaintiff Hagest exceeds $75,000

27  exclusive of interest and costs.

28

NOTICE OF REMOVAL OF PAGA ACTION

1               **1.**        **The Amount in Controversy Is Satisfied Given that the Civil**

2                      **Penalties and Attorneys' Fees Sought by Plaintiff Hagest**

3                      **Exceeds $75,000**

4         19.       In determining whether the jurisdictional minimum has been met here,

5 the Court must consider all damages sought by Plaintiffs individually in this

6 lawsuit, including, but not limited to, civil penalties, attorneys' fees, etc.[1] *See*

7 *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016);

8 *see also Simmons v. PCR Tech*, 209 F.Supp.2d 1029, 1031 (N.D. Cal. 2002). If

9 either one of the named Plaintiffs is seeking to recover more $75,000, then the

10

11 [1] Notably, Plaintiffs have a related putative wage and hour class action currently

12 pending before the Southern District of California that is based on virtually identical allegations as those alleged in this action. *See Hagest, et al., v. C.R*

13 *England, Inc.*, No. 3:22-cv-01406-RBM-JLB (S.D. Cal.). Indeed, Plaintiffs have

14 severed their claims premised on identical transactions and occurrences in an effort to try and prevent this PAGA action from being removed to federal court, which

15 Defendant respectfully submits is improper. *See, e.g., Freeman v. Blue Ridge*

16 *Paper Products, Inc.*, 551 F.3d 405 (6th Cir.2008) (holding plaintiff may not divide claims with no other reason than to avoid federal jurisdiction); *Proffitt v.*

17 *Abbott Laboratories*, 2008 WL 4401367 (E.D. Tenn. Sept. 23, 2008) (same); *see*

18 *also Crowley v. Katleman*, 8 Cal. 4th 666, 681 (1994) ("A pleading that states the violation of one primary right in two causes of action contravenes the rule against

19 'splitting' a cause of action.") In Defendant's view, this case should be considered

20 part and parcel of the putative wage and hour class action already pending before this Court in which Plaintiffs have put at least $6,865,750 in controversy. See

21 *Hagest, et al., v. C.R England, Inc.*, No. 3:22-cv-01406-RBM-JLB, Doc. 1 at pp. 5-

22 10 (S.D. Cal. Sept. 16, 2022). If the two actions are considered together as Defendant contends should occur, the amount in controversy is satisfied here

23 pursuant to 28 U.S.C. § 1332(d).

24 Even if the Court determines that the $6,865,750 in alleged class-wide damages in the putative wage and hour class action cannot be considered, however, the

25 amounts sought by Plaintiffs individually in the putative wage and hour class

26 action should count toward the total amount in controversy in this case (i.e., Plaintiffs' individual damages in both cases must be combined). In any event, as

27 outlined below, the amount in controversy in this case exceeds $75,000 regardless

28 of whether any damages alleged in the putative wage and hour class action are considered.

NOTICE OF REMOVAL OF PAGA ACTION

1  amount in controversy is satisfied and the Court has traditional diversity jurisdiction

2  over this action under 28 U.S.C. § 1332(d).  *Exxon Mobil Corp. v. Allapattah Servs.,*

3  *Inc.*, 545 U.S. 546, 558-559 (2005).  The Court can further exercise supplemental

4  jurisdiction pursuant to 28 U.S.C. § 1367 over the remaining Plaintiff's claims. *Id.*

5        20.    In the instant action, Plaintiffs allege that Defendant violated

6  numerous  provisions of the California Labor Code, and that they are entitled to a

7  wide variety of civil penalties against C.R. England under California Labor Code §

8  2699. (*See* Compl. ¶¶ 8, 16, 19, 29-56, 60-76.)

9        21.    California Labor Code § 2699(f) further provides that "[f]or all

10  provisions of this code except those for which a civil penalty is specifically

11  provided, there is established a civil penalty for violation of these provisions, as

12  follows: … (2) If, at the time of the alleged violation, the person employs one or

13  more employees, the civil penalty is one hundred dollars ($100) for each aggrieved

14  employee per pay period for the initial violation and two hundred dollars ($200) for

15  each aggrieved employee per pay period for each subsequent violation."

16        22.    Civil penalties under PAGA are also "stacked" for purposes of

17  assessing the amount-in-controversy requirement, meaning that the penalties from

18  each section of the California Labor Code allegedly violated independently

19  contribute to the amount in controversy. *See, e.g.*, *Schiller v. David's Bridal, Inc.*,

20  No. 1:10-CV-00616 AWI, 2010 WL 2793650, at *6 (E.D. Cal. July 14, 2010).

21        23.    An action for civil penalties under California Labor Code § 2699 must

22  be commenced within one year.  Cal. Code Civ. Proc. § 340(a); *Brown v. Ralphs*

23  *Grocery Co.*, 28 Cal.App.5th 824, 839 (Ct. App. 2018). This period is extended by

24  65 days upon the filing of a PAGA notice with the California Labor & Workforce

25  Development Agency ("LWDA") to permit the LWDA to conduct an investigation.

26  *See* Cal. Lab. Code § 2699.3(a)(2)(A).

27        24.    Given that Plaintiffs filed their PAGA notice on May 20, 2022,

28  (Compl. ¶ 58), one year before that date is May 20, 2021. Plaintiffs' Complaint thus

NOTICE OF REMOVAL OF PAGA ACTION

1   purports to seek civil penalties on behalf of themselves for alleged violations
2   occurring on or after May 20, 2021 up through the present.

3       25.     Based on information and belief and Defendant's review of its internal
4   employment data, Plaintiff Hagest was employed by C.R. England for at least 18
5   pay periods during the applicable statute of limitations period.  Indeed, Hagest was
6   employed for 18 pay periods from May 20, 2021 up through the date of his
7   termination on September 17, 2021. Accordingly, the civil penalties sought by
8   Plaintiff Hagest are as follows:

9                  **a)**    **Plaintiffs Seek At Least $9,600 in Civil Penalties on**
10                       **Behalf of Plaintiff Hagest for Failure to Pay Minimum**
11                       **Wages**

12       26.     Plaintiffs allege that C.R. England "violated Labor Code section 200,
13   558, 1194, 1197, (sic) by failing to accurately pay at least minimum wages."
14   (Compl. ¶ 62.) Under California Labor Code § 1197.1, civil penalties for failure to
15   provide minimum wages under § 1197 are set at $100 per pay period for initial
16   violations and $250 per pay period for each subsequent violation. Section 1194 is
17   subject to the default penalty provision contained in California Labor Code §
18   2699(f)(2). Plaintiff additionally alleges that the minimum wage violations trigger
19   civil penalties under California Labor Code § 558, which section adds $50 per pay
20   period for initial violations and $100 per pay period for each subsequent violation
21   "***in addition to any other civil … penalty***." Cal. Lab. Code § 558(a) and (c).
22   Consequently, the civil penalties in controversy as to Plaintiff Hagest's individual
23   claim for alleged failure to provide minimum wage are at least **$9,600.00** (i.e., $100
24   x 1 initial violation + $250 x 17 subsequent violations under § 1197.1; $100 x 1
25   initial violation + $200 x 17 subsequent violations under § 1194; and $50 x 1 initial
26   violation + $100 x 17 subsequent violations under under § 558).

27

28

NOTICE OF REMOVAL OF PAGA ACTION

**b)** **Plaintiffs Seek At Least $5,250 in Civil Penalties on Behalf of Plaintiff Hagest for Failure to Provide Meal Periods**

27.     Plaintiffs allege that C.R. England "violated Labor Code sections 512 and 226.7 for failing to provide timely, uninterrupted first and second meal periods and requiring unlawful on duty meal periods, or compensation in lieu thereof." (Compl. ¶ 63) Violations of California Labor Code § 226.7 for failure to provide meal period premiums are subject to the default penalties set forth in California Labor Code § 2699(f)(2). Violations of California Labor Code § 512(a) for failure to provide the meal periods themselves, however, are subject to the specific penalties set forth in California Labor Code § 558(a)(1)-(2), which are set at $50 per pay period for the first violation and $100 per pay period for each subsequent violation.

28.     Consequently, the civil penalties in controversy as to Hagest's individual claims for alleged meal period violations under California Labor Code §§ 226.7 and 512(a) are at least **$3,500.00** ($100 x 1 initial violation + $200 x 17 subsequent violations) for § 226.7 and **$1,750.00** ($50 x 1 initial violation + $100 x 17 subsequent violations) for § 512(a), respectively.  This means that Hagest's meal period-related allegations place a total of at least **$5,250.00** in dispute.

**c)** **Plaintiffs Seek At Least $5,250 in Civil Penalties on Behalf of Plaintiff Hagest for Failure to Provide Rest Periods**

29.     Plaintiffs allege that "all aggrieved employees, were systematically not permitted or authorized to take ten minute rest periods for every four hours worked or major fraction thereof." (Compl. ¶ 65) Rest period violations of California Labor Code § 226.7 for failure to provide rest period premiums are subject to the default penalties set forth in California Labor Code § 2699(f)(2). Violations of California Labor Code § 512(a) for failure to provide the rest periods themselves, however,

are subject to the specific penalties set forth in California Labor Code § 558(a)(1)-(2), which are $50 per pay period for the first violation and $100 per pay period for each subsequent violation.

30.     Consequently, the civil penalties in controversy as to Hagest's individual claims for alleged rest period violations under California Labor Code §§ 226.7 and 512(a) are at least **$3,500.00** ($100 x 1 initial violation + $200 x 17 subsequent violations) for § 226.7 and at least **$1,750.00** ($50 x 1 initial violation + $100 x 17 subsequent violations) for § 512(a), respectively.  This means that Hagest's rest period-related allegations place a total of at least **$5,250.00** in dispute.

**d)     Plaintiffs Seek At Least $5,292 in Civil Penalties on Behalf of Plaintiff Hagest for Failure to Timely Pay Wages Upon Termination**

31.     Plaintiffs allege that C.R. England failed "to provide all owed wages at separation from employment including wages earned." (Compl. ¶ 67) Penalties for violations of California Labor Code §§ 201 and 202 are set by California Labor Code § 203, which requires payment of a maximum of 30 days wages as a penalty. During the last four weeks of Hagest's employment, his average regular rate was approximately $22.05. Multiplying that amount by 30 days and 8 hours a day yields a total of **$5,292.00** in additional civil penalties that Plaintiffs' Complaint seeks on behalf of Hagest.

**e)     Plaintiffs Seek At Least $17,250 in Civil Penalties on Behalf of Plaintiff Hagest for Failure to Provide Complete and Accurate Wage Statements**

32.     Plaintiffs allege that C.R. England failed "to provide accurate itemized wage statements … pursuant to Labor Code section 226(a)." (Compl. ¶ 69.) Penalties for this section are set forth in California Labor Code § 226.3, which specifies that the offending party must pay $250 per pay period for initial violations and $1,000 per pay period for each subsequent violation. Consequently, the civil

NOTICE OF REMOVAL OF PAGA ACTION

1    penalties in controversy would be at least **$17,250.00** ($250 x 1 initial violation +

2    $1,000 x 17 subsequent violations) for Hagest.

3            **f)**    **Plaintiffs Seek At Least $4,000 in Civil Penalties on**

4                   **Behalf of Plaintiff Hagest for Failure to Keep Complete**

5                   **and Accurate Wage Statements**

6         33.    Plaintiffs allege that C.R. England "failed to maintain accurate records

7    relating to hours worked daily in violation of Labor Code sections 1174(d), 1174.5."

8    (Compl. ¶ 70.)  Penalties for violation of this section are set by California Labor

9    Code § 1174.5, which sets the penalty at **$500.00**. Plaintiffs further allege

10   Defendant violated California Labor Code § 1175, which would be subject to the

11   default civil penalties set forth in California Labor Code § 2699(f)(2).

12   Consequently, the civil penalties in controversy as to Hagest's individual claim

13   would be at least **$3,500.00** ($100 x 1 initial violation + $200 x 17 subsequent

14   violations). Thus, the total penalties for Hagest's individual wage statement claims

15   are **$4,000.00**.

16           **g)**    **Plaintiffs Seek At Least $3,500 in Civil Penalties on**

17                  **Behalf of Plaintiff Hagest for Failure to Reimburse for**

18                  **Necessary Business-Related Expenses**

19        34.    Plaintiffs allege that C.R. England "failed to reimburse Plaintiffs …

20   for all business expenses incurred … pursuant to Labor Code § 2802." (Compl. ¶

21   71.)  This section of the California Labor Code does not have separately specified

22   penalties and violations are therefore subject to the default penalties set forth in

23   California Labor Code § 2699(f)(2). Consequently, the damages in controversy as

24   to Hagest's individual claim for business related expenses would be at least

25   **$3,500.00** ($100 x 1 initial violation + $200 x 17 subsequent violations).

26

27

28

NOTICE OF REMOVAL OF PAGA ACTION

1

2

3

**h)**    **Plaintiffs Seek At Least $10,500 in Civil Penalties on Behalf of Plaintiff Hagest for Violations of Maximum Hours of Labor and a Days Rest in Seven**

4     35.    Plaintiffs allege that they were "required to work more than seven
5 continuous days and were deprived of a day['s] rest in seven" in violation of
6 California Labor Code §§ 551 and 552. (Compl. ¶ 74.) Plaintiffs likewise assert
7 violations of California Labor Code § 1198 governing the maximum hours of labor.
8 (Compl. ¶ 16.) These sections of the California Labor Code do not have separately
9 specified penalties and violations are therefore subject to the default penalties set
10 forth in California Labor Code § 2699(f)(2). Consequently, the civil penalties in
11 controversy as to Hagest's individual claim would be at least **$10,500.00** ($100 x 1
12 initial violation + $200 x 17 subsequent violations for each of the following three
13 sections: §§ 551, 552, and 1198).

14          **i)**    **Attorney's Fees**

15     36.    Additionally, attorney's fees are included in the amount in controversy
16 if the underlying statute authorizes their award (which is the case here due to the
17 California Labor Code). *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th
18 Cir. 1998) (attorney fees award may be included in the amount in controversy when
19 an underlying statute authorizes their award).  Plaintiff Hagest seeks to recover
20 attorney's fees in this case.  (Compl. at Prayer for Relief).

21     37.    Assuming this were an individual matter, and if one conservatively
22 estimates that Plaintiffs' attorney's hourly rate is $300 per hour (which is far below
23 the Laffey Matrix and other metrics used to determine market rates for attorneys),
24 and it only took Plaintiff's attorney 10 hours of time to purportedly investigate,
25 draft, and file the Complaint in this case on behalf of Plaintiff Hagest, the accrued
26 attorney fees as of the time of the filing of this Notice of Removal are at least
27 $3,000. Then, conservatively estimating only 90 more hours for Plaintiffs' attorneys
28 to collectively see this matter through trial on behalf of Plaintiff Hagest (including,

NOTICE OF REMOVAL OF PAGA ACTION

but not limited to, engaging in written discovery and depositions, opposing C.R. England's anticipated summary judgment motion on Plaintiff Hagest's claims and attending the hearing, preparing for trial, etc.), this Court can conservatively estimate another $27,000 in alleged attorney fees related to Plaintiff Hagest's claims alone. In short, using a very conservative estimate, it is clear that at least **$30,000** in attorneys' fees are at issue for purposes of assessing the amount in the controversy.  In fact, numerous courts have held that $30,000 in attorney fees is a reasonable and conservative assumption. *See, e.g.*, *Cagle v. C & S Wholesale Grocers, Inc.*, No. 2:13-CV-02134-MCE, 2014 WL 651923, at *10 (E.D. Cal. Feb. 19, 2014).

38.   As an alternative method of calculating attorney fees, "[d]istrict courts within the Ninth Circuit handling PAGA cases have held that 'removing defendants can reasonably assume plaintiffs are entitled to attorney[s'] fees valued at approximately 25% of projected damages.'" *Olson v. Michaels Stores, Inc.*, No. CV1703403ABGJSX, 2017 WL 3317811, at *3 (C.D. Cal. Aug. 2, 2017) (citing *Ford v. CEC Entm't, Inc.*, 2014 WL 3377990, at *6 (N.D. Cal. July 10, 2014); *see also Willis v. Xerox Bus. Servs., LLC*, 2013 WL 6053831, at *10 (E.D. Cal. Nov. 15, 2013) (adopting defendant's good faith estimate that attorneys' fees award would be 25% of PAGA penalties)). It is therefore reasonable to estimate that Plaintiff's attorneys will seek at least 25% of any amounts potentially recovered as awardable attorneys' fees.

39.    Plaintiff Hagest's respective share of attorneys' fees can thus be calculated by simply taking 25% of the total civil penalties for him.

40.   The total civil penalties in controversy attributable to Hagest's individual claims, as detailed above, equal at least **$60,642.00**. Accordingly, Plaintiff Hagest's pro rata share of attorneys' fees would be at least **$15,160.50** (i.e., 0.25 x $60,642.00) based on the civil penalties in controversy as to his individual claims alone.

41.   When these attorney fee figures are added to the **$60,642.00** or more

NOTICE OF REMOVAL OF PAGA ACTION

of civil penalties attributable to the Hagest's individual claims, Hagest's total amount in controversy is at least **$90,642.00** (assuming $30,000 of attorneys' fees as numerous other courts have done in individual cases), or alternatively, **$75,802.50** (if attorneys' fees are counted as 25% of Hagest's alleged civil penalties).  Accordingly, this Court has diversity jurisdiction over Plaintiff Hagest's claims.

### 2.     The Court May Exercise Supplemental Jurisdiction Over Suber's Claims

While Plaintiff Suber was not employed for as long as Hagest during the relevant time period, the Court may exercise supplemental jurisdiction over his claims regardless of the amount put in controversy by his allegations. Indeed, the Supreme Court has held federal courts have subject matter jurisdiction where "the claims of some plaintiffs satisfy the amount-in-controversy requirement, but the claims of other plaintiffs do not." *Exxon Mobil Corp.*, 545 U.S. at 558. In addressing such a situation, the Supreme Court stated:

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint. Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.

*Id.* at 558–59.

NOTICE OF REMOVAL OF PAGA ACTION

1      Consequently, because the amount in controversy threshold is met for

2  Hagest's individual claim, the Court has original jurisdiction over this action.

3  Moreover, because Suber's claims arise out of *the same alleged conduct* as

4  Hagest's claims, the claims arise out of the same transaction or occurrence and the

5  Court is authorized to exercise supplemental jurisdiction over Suber's claims under

6  28 U.S.C. § 1367(a).

7  **III.     REMOVAL IS TIMELY AND PROPER**

8      42.     This Notice of Removal is timely pursuant to 28 U.S.C. §§ 1446(b)

9  and 1453(b) as it has been filed within thirty (30) days of the date (i.e., September

10  14, 2022) on which service of the State Court Action on Defendant was complete.

11  Indeed, under the applicable rules, C.R. England has up to and including Friday,

12  October 14, 2022 to timely remove this matter to federal court and it has satisfied

13  that obligation.

14      43.     Pursuant to section 1446(a) of title 28, removal is also made to the

15  Southern District of California, as the district court embracing the place where the

16  State Court Action is pending.  *See* 28 U.S.C. § 84(d).

17      44.     Copies of the docket sheet, and all process, pleadings, and orders filed

18  or served upon the Defendant are attached and incorporated by reference as **Exhibit**

19  **A** (docket sheet) and **Exhibit B** (process, pleadings, and orders) hereto.

20      45.     Defendant reserves the right to amend or supplement this Notice of

21  Removal, including the right to submit evidentiary declarations supporting and/or

22  buttressing the amount in controversy should Plaintiffs attempt to remand the action

23  for any reason or if the Court has any questions.  Defendant further reserves all

24  defenses it has to Plaintiffs' claims.  Defendant disputes Plaintiffs' claims in their

25  entirety and contends only that the nature of Plaintiffs' purported claims, as pled,

26  demonstrates that removal is proper.

27      46.     Defendant is providing Plaintiffs, by and through their counsel, written

28  notice of the filing of this Notice of Removal and all other papers as required by

1  section 1446(d) of title 28.  Further, Defendant is filing a copy of this Notice of

2  Removal and all related papers with the Clerk of the Superior Court of the State of

3  California, County of San Diego where the State Court Action is currently pending.

4  **IV.   PRAYER**

5       Wherefore, C.R. England, requests that the above-captioned action now

6  pending against it in the Superior Court of California, County of San Diego, be

7  removed to this Court.

8

9   Date:    October 13, 2022                      NOSSAMAN LLP
                                                    DREW R. HANSEN
10                                                  J. RANDALL BOYER

11                                                  By:  /s/ J. Randall Boyer

12                                                       J. Randall Boyer

13                                                  Attorneys for Defendant
                                                    C.R. ENGLAND, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF PAGA ACTION